[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15340
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-20196-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS PEREZ MULET,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 17, 2017)

Before TJOFLAT, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Carlos Perez Mulet appeals his 32-month sentence, imposed after pleading

guilty to possession of cocaine with intent to distribute, in violation of 21 U.S.C.

§ 841(a).  On appeal, Perez Mulet argues that the district court abused its discretion by relying on his need for drug-addiction treatment to impose an upward variance from the guideline range.   He also argues that the district court failed to adequately explain his sentence, and that his sentence is substantively unreasonable.  Although the district court erred in considering his need for rehabilitation in determining the length of the sentence, the error did not affect Perez Mulet's substantial rights because the court independently arrived at that sentence length after weighing the appropriate § 3553(a) factors.  Further, the district court adequately explained the basis for its sentence.  Finally, Perez Mulet's sentence is substantively reasonable because the record supports the sentence, the sentence satisfies the requirements of 18 U.S.C. § 3553(a), the upward variance was sufficiently justified, and the sentence fell well below the statutory maximum.  Accordingly, we affirm.

We review the substantive reasonableness of a sentence under a deferential abuse of discretion review.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  We first ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range or inadequately explaining the chosen sentence.  *Id.* at 51.  We then examine the substantive reasonableness of the sentence in light of the totality of the circumstances.  *Id.*

When not raised before the district court, we review arguments regarding the

improper consideration of rehabilitation in imposing a prison sentence for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1309 (11th Cir. 2014). To show plain error, a defendant must demonstrate "(1) that the district court erred; (2) that the error was plain; and (3) that the error affected his substantial rights." *Vandergrift*, 754 F.3d at 1307 (quotations and alteration omitted). The defendant satisfies the third prong when he establishes "a reasonable probability that, but for the error, the outcome of the proceedings would have been different." *United States v. Henderson*, 409 F.3d 1293, 1308 (11th Cir. 2005) (quotation omitted).

Plain error review "is permissive, not mandatory" and we have "authority to order correction, but [are] not required to do so." *United States v. Olano*, 507 U.S. 725, 735 (1993). If a defendant meets the three conditions set forth above, then we must decide whether "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 736 (quotation and alteration omitted).

A sentencing court may not impose or lengthen a prison term in order to promote an offender's rehabilitation. *United States v. Tapia*, 564 U.S. 319, 334–35 (2011). A "*Tapia* error occurs where the district court *considers* rehabilitation when crafting a sentence of imprisonment." *Vandergrift*, 754 F.3d at 1310. "Because it is impermissible to consider rehabilitation" a court commits a "procedural error" when it "rel[ies] on or consider[s] rehabilitation in any way when sentencing a defendant." *Id*. at 1310–11. However, even in light of a *Tapia*

3

error, the defendant must show the error affected his substantial rights; specifically, that his sentence would have been different without the procedural error of considering rehabilitation when sentencing. *Id*. at 312 (affirming the sentence when the defendant failed to show the sentence would have been different, because the sentencing transcript reflected that his rehabilitative needs constituted only a minor portion of the court's reasoning).

Perez Mulet's 32-month sentence is procedurally and substantively reasonable. Perez Mulet's *Tapia* argument should be reviewed for plain error, as he failed to raise it before the district court.[1] *See Vandergrift*, 754 F.3d at 1309. Although the district court plainly erred in considering his need for rehabilitation in determining the length of the sentence, the error did not affect Perez Mulet's substantial rights because the court expressly stated that it found 32 months was an appropriate sentence "[s]eparate and apart" from its consideration of Perez Mulet's need for rehabilitation. *See Tapia*, 564 U.S. at 334–35; *see also Vandergrift*, 754 F.3d at 1310–12; *Henderson*, 409 F.3d at 1308. Beyond considering Perez Mulet's need for rehabilitation, the district court also considered that the offense conduct

---

[1] Perez Mulet preserved his substantive reasonableness issue, but we review his procedural reasonableness arguments for plain error. Although Perez Mulet raised an objection in the district court, he objected only to procedural reasonableness on the ground that he may not qualify for the 500-hour treatment program, not that it should not have been considered at all. Further, he failed to object to the court's failure to adequately explain his sentence. Thus, he failed to inform the district court of the legal basis for the issue he now raises on appeal. *See United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006) (to preserve an objection for appeal, the defendant "must raise that point in such clear and simple language" that it "inform[s] the district court of the legal basis for the objection") (quotation and citation omitted).

possessed the "potentially lethal" combination of guns and drugs, Perez Mulet's

two prior drug and gun offenses, and that the offense level of 13 failed to properly

reflect the offense conduct or Perez Mulet's history.  Since the court separately

concluded that the circumstances of the case warranted a 32-month sentence, Perez

Mulet failed to show a reasonable probability that but for the *Tapia* error, his

sentence would have been shorter.  *See Henderson*, 409 F.3d at 1308.  Therefore,

he failed to meet the third prong of the plain error analysis.  *See Vandergrift*, 754

F.3d at 1312.

Further, the district court adequately explained the basis for its above-

guideline sentence.  *Gall*, 552 at 51.  The court discussed the nature and

circumstances of the offense and seriousness of the conduct—a drug and gun crime

with potentially lethal consequences—and the history and characteristics of the

defendant—Perez Mulet's two prior drug and gun convictions and several other

crimes.  The court also noted the need for the sentence to promote respect for the

law, and that 32 months provided just punishment, promoted deterrence, and

protected the public from future crimes committed by Perez Mulet.  Therefore, the

court adequately explained the basis for the sentence.

Finally, Perez Mulet's sentence is substantively reasonable in light of the

totality of the circumstances.  *See Gall*, 552 U.S. at 41.  The party who challenges

the substantive reasonableness of a sentence bears the burden to show that the

sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). A court abuses its discretion if it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) balances the proper factors unreasonably and so commits a clear error of judgment. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" of § 3553(a), including the need to reflect the seriousness of the offense, promote the respect for the law, provide punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3) –(7).

The district court is free to consider any information relevant to a defendant's "background, character, and conduct" in imposing an upward variance. *Tome*, 611 at 1379. When a district court decides that the § 3553(a) factors support a variance, it should explain why the variance "is appropriate in a particular case

6

with sufficient justifications." *Gall*, 552 U.S. at 46–47. The court's justification must be "compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review," but "an extraordinary justification" is not required for a sentence outside the guideline range. *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (quotation omitted). A sentence well below the statutory maximum penalty is an indicator of reasonableness. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

As the district court explained, this offense involved not only drugs, but also the possession of a gun by a criminal felon. This offense was Perez Mulet's third gun and drug conviction, and the combination of drugs and guns could have resulted in lethal consequences. Additionally, the district court's 32-month sentence was well below the 20-year statutory maximum sentence. Thus, the record supports Perez Mulet's sentence, his sentence satisfies the requirements of 18 U.S.C. § 3553(a), the upward variance was sufficiently justified, the sentence falls well below the statutory maximum, and in light of its separate finding, the district court did not give an improper factor "significant weight." *Gall*, 552 U.S. at 41; *see Shaw*, 650 F.3d at 1238; *see also Gonzalez*, 550 F.3d at 1324; *see also Irey*, 612 F.3d at 1189.

**AFFIRMED.**

7